HIPP, DIDISHEIM & BRO. v. UNITED STATES.

SCHWOB v. UNITED STATES.

(Circuit Court, S. D. New York. April 17, 1901.)

Nos. 2,839, 2,840.

**1. CUSTOMS DUTIES—CLASSIFICATION—WATCH MOVEMENTS.**
    Certain incomplete watch movements, adjusted so as to run, the only parts lacking being the dial, or the dial, the various hands, and the minute wheel, are dutiable as "watch movements," and not as "parts of watches, * * * not otherwise provided for," under paragraph 191, Schedule C, § 1, Tariff Act July 24, 1897, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645).

Appeals by Hipp, Didisheim & Bro., and Adolph Schwob, importers, from a decision (G. A. 4280) of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York on the merchandise in question.

A. P. Ketchum, for the importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question comprises certain articles, consisting of watch plates, with the complete mechanism between them adjusted so as to run, but with certain parts above the top plate lacking, namely, in some cases only the dial, in other cases the dial, the hour hand, the minute hand, the second hand, the hour wheel, and the minute wheel. They were assessed for duty under the provisions of paragraph 191, Schedule C, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), as "watch movements," at 35 cents each and 25 per cent. ad valorem. The importers protested, claiming that they were "parts of watches, * * * not otherwise provided for" (same paragraph). The importers contended that the term "watch movements" in trade and

commerce covered a complete watch except the case. The board has found, upon conflicting testimony, that there is no such trade designation, and, furthermore, that such articles were unknown at the time of the passage of the act in question, and had therefore never been the subject of trade and commerce, and therefore could not be within any such commercial designation. The finding of the board, therefore, on this point is controlling. Counsel for the importers further contends that these are mere parts of movements, and as there is no provision for parts of movements they fall within the provision for "parts of watches, * * * not otherwise provided for."

It is unnecessary to decide the contention of counsel for the government that in the term "watch movement" in its narrow sense is included the "train" of the watch, which comprises the motion works, consisting of balances and wheels, and in its broad sense is included the complete watch except the case. One of the articles in question contains every essential of a watch except the case and dial. The others comprise everything essential to keep time. The only missing parts are those above the watch plate, which are essentials to register rather than to keep the time. It further appears that these articles were wound, went, and were timed. That they were watch movements, within the understanding of common speech, is shown by the dictionaries and by the testimony, and is found by the board.

The decision of the Board of General Appraisers is affirmed.